UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00726-TWP-MJD |
| ) | |
| KAMAL A. THOMAS Clerks Entry of Default ) | |
| entered 06/26/2025, ) | |
| JAYDE D. THOMAS Clerks Entry of Default ) | |
| entered 06/26/2025, ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING DEFAULT JUDGMENT AND REINSTATEMENT OF ORIGINAL DEED

This matter is before the Court on Plaintiff the United States of America's (the "Government") Motion for Default Judgment against Defendants Kamal A. Thomas ("Mr. Thomas") and Jayde D. Thomas ("Ms. Thomas") (Filing No. 10). The United States seeks a default judgment reinstating the original deed for a property located at 7128 Verwood Court Plainfield, IN 46168 (the "Defendant Property") previously owned by Defendants Mr. and Ms. Thomas, which was transferred solely to Ms. Thomas via quitclaim deed after Mr. Thomas was ordered to pay criminal restitution. For the following reasons, the Government's Motion is **granted**.

### I.  BACKGROUND

This action arises from Mr. Thomas's failure to pay restitution following his 2021 criminal conviction for Conspiracy to Commit Wire Fraud which included an order to pay $170,862.20 in restitution (Filing No. 1 ¶ 7). Mr. Thomas repeatedly failed to make payments toward his balance, and as of April 2025, he had not made any payments since September 2023 when his restitution balance was $168,562.20. *Id.* ¶¶ *8,* 9, 12.

The Thomas's live at the Defendant Property with their children, but on January 23, 2024, the Government was notified that they were attempting to sell the residence. *Id.* ¶¶ 14–15. During the sale process, the title company discovered that the Government had placed a restitution lien on the property. *Id.* ¶ 15; (*see* [Filing No. 1-3](#)). The title company provided a Commitment and Title indicating that a deed for the Defendant Property was recorded on March 20, 2019, with the Hendricks County Recorder under instrument number 202109508, with Mr. and Ms. Thomas as grantees. *Id.* ¶ 16 (citing [Filing No. 1-4](#)). After Mr. Thomas was sentenced, another deed was recorded on 19, 2021, under instrument number 202109508, solely in Ms. Thomas's name. *Id.* ¶ 17 (citing [Filing No. 1-5](#)). Mr. Thomas purportedly transferred the property to Ms. Thomas without receiving a reasonably equivalent value in exchange. *Id.* ¶ 18.

On June 18, 2025, the Government filed this case under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 et seq ([Filing No. 1](#)). The Government alleges the property transfer was fraudulent because it involved a debt owed to the United States, as described in 28 U.S.C. § 3304, and Mr. Thomas, an insolvent debtor, made the transfer without receiving a reasonably equivalent value in exchange for the transfer. *Id.* ¶ 26.

Mr. and Ms. Thomas were served with the Complaint and failed to appear and file an answer in this action ([Filing No. 6](#); [Filing No. 7](#)). A Clerk's Entry of Default was entered on June 26, 2025, against Mr. and Ms. Thomas, and "all potential claimants having an interest in the Defendant property, for failure to plead or otherwise defend this action." ([Filing No. 9](#)). The Government then filed this Motion for Default Judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure ([Filing No. 10](#)). Mr. and Ms. Thomas filed no formal response. However, Ms. Thomas consents to the entry of default judgment and to the reinstatement of the original deed ([Filing No. 10-1](#)).

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55; *Lowe v. McGraw–Hill Cos., Inc.*, 361 F.3d 335, 339–40 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See C & S Mgmt., LLC v. Superior Canopy Corp.*, No. 1:08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sept.18, 2013). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Once a party obtains an entry of default by the clerk, then that party may file a motion with the clerk or the court for the entry of default judgment. *See* Fed. R. Civ. P. 55(b). When a party applies for default judgment under Federal Rule of Civil Procedure 55(b)(2), the district court is required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

## III. DISCUSSION

The Government argues that it is entitled to the entry of default judgment against Mr. and Ms. Thomas (Filing No. 10) and requests reinstatement of the original deed at the Defendant Property (Filing No. 1 at 5; Filing No. 10-2). The FDCPA prohibits debtors like Mr. Thomas from fraudulently transferring their assets to others to avoid their obligations to the Government. *United States v. Mitria*, No. 05 CR 438, 2008 U.S. Dist. LEXIS 5888, at *4–5 (N.D. Ill. Jan. 25, 2008) (citing 28 U.S.C. § 3304). The Government alleges that Mr. Thomas's transfer violated Sections 3304(a) and 3304(b)(1)(A).

The Court accepts the non-contested allegations in the Government's Verified Complaint as true for the purposes of establishing that Mr. Thomas fraudulently transferred real property to Ms. Thomas with the intent to defraud the Government, and finds that these allegations sufficiently support that Mr. Thomas violated Section 3304(a)(1).

Section 3304(a)(1) provides that "a transfer made . . . by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made . . . if . . . the debtor makes the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . .; and the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer [.]" 28 U.S.C. § 3304(a)(1)–(2).

The Government alleges that Mr. Thomas owes a debt to the United States, as defined by the FDCPA, based on the judgment entered against him in his criminal case (Filing No. 1 ¶ 25). It further asserts that Mr. Thomas fraudulently transferred the Defendant Property to Ms. Thomas "without receiving a reasonably equivalent value in exchange for the transfer and was insolvent at the time of the transfer, or the transfer caused him to become insolvent." *Id.* ¶ 26.

The Government includes as exhibits to the Complaint the Commitment for Title Insurance, the prepared warranty deed for the attempted sale, the restitution lien, and both previous deeds (Filing No. 1-1; Filing No. 1-2; Filing No. 1-3; Filing No. 1-4; Filing No. 1-5). The Government also establishes that Mr. Thomas was generally not paying his debts, so the Court presumes he is insolvent. *See* 28 U.S.C. § 3302(b) ("A debtor who is generally not paying debts as they become due is presumed to be insolvent.").

The Court deems that Mr. and Mrs. Thomas admit the allegations of the Complaint are true. Taking all well-pleaded facts as true, the Complaint establishes that Mr. Thomas fraudulently transferred the Defendant Property, located at 7128 Verwood Court, Plainfield, Indiana 46168,

solely to Ms. Thomas, after he had incurred a debt to the United States in violation of Section 3304(a).

The Government request that the Court reinstate the original Defendant Property deed, instrument number 201905191, dated March 20, 2019, with both Mr. and Ms. Thomas listed as grantees. Because the fraudulent transfer is "voidable" under the statute, the requested relief is **granted**. 28 U.S.C. § 3302(d).

### IV.    CONCLUSION

For the reasons stated above, the United States' Motion for Default Judgment ([Filing No. 10](#)) is **GRANTED**.

Judgment by default is now entered pursuant to Rule 55(b)(2) against Kamal A. Thomas and Jayde D. Thomas.

The fraudulent transfer of the property located at 7128 Verwood Court, Plainfield, Indiana 46168, solely to Jayde D. Thomas, on January 28, 2021, and recorded by the Hendricks County Recorder under Instrument Number 202109508, is **null and void**.

The original deed to the property located at 7128 Verwood Court, Plainfield, Indiana 46168, in the names of Kamal A. Thomas and Jayde D. Thomas, Instrument Number 201905191, recorded by the Hendricks County Recorder on March 20, 2019, is **reinstated** as the valid deed to the property. The Hendrick's County Recorder should acknowledge that the deed, recorded on March 20, 2019, under Instrument Number 20190519, is the valid deed to the Defendant Property, located at 7128 Verwood Court, Plainfield, Indiana 46168.

Final Judgment will issue in a separate Order.

**SO ORDERED.**

Date:  1/9/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Service via first class U.S. Mail on:
Kamal A. Thomas
7128 Verwood Court
Plainfield, IN 46168

Jayde D. Thomas
7128 Verwood Court Plainfield, IN

46168 Hendricks County Recorder's Office
ATTN: Laura Herzog, Hendricks County Recorder
355 S. Washington Street, Suite 220 Danville IN 46122